# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-153(1) |
| | § | |
| ESTANISLAO FLORES, | § | |
|     Defendant-Movant. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On April 14, 2004, Defendant Estanislao Flores ("Flores") was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute approximately 9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a). (D.E. 1). He pleaded guilty to the indictment against him, and was subsequently sentenced by this Court to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 7, 14, 15). The Court also imposed a $100 fine and a $100 special assessment. (D.E. 14, 15). Judgment in his criminal case was entered on August 17, 2004. (D.E. 15). He did not appeal.

On September 9, 2005, more than a year after his conviction became final, the Clerk received from him a motion titled as a "Motion for Reconsideration." (D.E. 16). In it, he asks the Court to reconsider his sentence, and to "commute" it to the "correct" imprisonment range, which he asserts is 87 to 108 months. (See D.E. 16).

As an initial matter, the Court notes that Flores' argument is incorrect as a matter of fact and law. That is, although his offense level was 29 and his criminal history category was I, the resulting guideline range of 87 to 108 months was below the statutory minimum for his offense, and thus the statutory minimum became his guideline range. See U.S.S.G. § 5G1.1(b); D.E. 19, Presentence

1

Investigation Report ("PSR") at ¶ 33. The statutory minimum term for his offense was 120 months. 21 U.S.C. § 841(b)(1)(A); see also PSR at ¶ 32. Accordingly, 120 months was the proper guideline range for his sentence, and no error was made.

In any event, even if there had been an error, Flores' remedy was to appeal, which he failed to do. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c).

Flores fails to assert grounds for modification that fall into any of the categories above. Rather, he is simply asking for a reduced sentence based on his misunderstanding of how statutory minimums operate. Therefore, the Court does not have authority to alter his sentence and his motion is DENIED.

It is so ORDERED this 19th day of September 2005.

_____
Janis Graham Jack
United States District Judge