IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Cr. No. C-04-153 |
| ESTANISLAO FLORES, | § § | |
| Defendant. | § § | |

## ORDER DENYING MOTION

### I. BACKGROUND

Defendant Estanislao Flores ("Flores") was originally sentenced by this Court on July 30, 2001. (D.E. 14.) Judgment was entered against him on August 17, 2004. (D.E. 15.) Flores did not appeal. In September 2006, Flores filed a motion for reconsideration of his judgment, in which he asked that the Court reconsider his sentence and impose a sentence from a lower, "correct" guideline range. (D.E. 16.) The Court denied the motion, noting that Flores was sentenced to the mandatory statutory minimum for his offense. (D.E. 18.) On July 10, 2008, the Clerk received from Flores a document titled as a "Petitioner Certificate of Appealability" (D.E. 19), now pending before the Court and addressed herein.

In his motion, Flores relies on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). He argues that his Sixth Amendment rights were violated because his sentence was enhanced based on facts not found by a jury beyond a reasonable doubt nor admitted by him. He contends that this "plain error" requires that his sentence be vacated. He thus requests that the Court vacate his sentence. (D.E. 19.) For the reasons set forth herein, the motion is DENIED.

1

## II. CHARACTERIZATION OF MOTION

Nowhere does Flores' motion identify the statute pursuant to which he seeks relief in this Court. While the proper vehicle for his challenge is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Flores' motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterization, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

The Court further notes that, even if Flores had styled his motion as a § 2255 motion, he would not be entitled to relief under Booker. The Fifth Circuit has squarely held that Booker is not retroactive on collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir. 2005) ("we join the several court of appeals that have held that Booker does not apply retroactively to initial § 2255 motions"). Thus, even if his claim were asserted in a § 2255 motion, it would be denied on its merits. Booker does not provide a basis for relief to a defendant, such as Flores, whose conviction became final before the case was decided. Gentry, 432 F.3d at 603-04 & n.2.

## III. CONCLUSION

For the foregoing reasons, Flores' motion (D.E. 19) is DENIED.

It is so ORDERED this 18th day of July, 2008.

_____
Janis Graham Jack
United States District Judge

2