IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-153(1) |
| | § | C.A. No. C-08-281 |
| ESTANISLAO FLORES, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
<u>ORDER DENYING CERTIFICATE OF APPEALABILITY</u>**

Pending before the Court is Defendant Estanislao Flores' ("Flores") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which is deemed filed as of August 18, 2008.[1] (D.E. 23.)[2] The Court concludes that it is not necessary to order a government response because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. As discussed in more detail herein, the Court DENIES Flores' motion because it is time-barred. Additionally, the Court DENIES Flores a Certificate of Appealability.

---

[1] The Clerk received Flores' motion on August 25, 2008. The motion indicates, however, that it was signed and delivered to prison authorities for filing on August 18, 2008. (D.E. 23 at 13.) It is thus deemed filed as of the earlier date. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (a document is deemed filed by a *pro se* prisoner when it is delivered to prison authorities for mailing, postage pre-paid). <u>See also</u> <u>United States v. Young</u>, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of <u>Houston v. Lack</u> to *pro se* prisoner in § 2255 proceedings); Rule 3(d), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS (§ 2255 motion is deemed timely if inmate deposits it in the institution's internal mailing system on or before the last day for filing).

[2] Dockets entries refer to the criminal case, C-04-cr-153.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. FACTS AND PROCEEDINGS

On April 14, 2004, Defendant Estanislao Flores ("Flores") was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute approximately 9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a). (D.E. 1). He pleaded guilty to the indictment against him, and was subsequently sentenced by this Court to 120 months in the custody of the Bureau of Prisons, to be followed by a five-year supervised release term. (D.E. 7, 14, 15). The Court also imposed a $100 fine and a $100 special assessment. (D.E. 14, 15). Judgment in his criminal case was entered on August 17, 2004. (D.E. 15). He did not appeal.

On September 9, 2005, more than a year after his conviction became final, the Clerk received from Flores a motion titled as a "Motion for Reconsideration." (D.E. 16). In it, he asked the Court to reconsider his sentence, and to sentence him within a lower guideline range, which he argued was the "correct" range. (D.E. 16). In an order entered September 20, 2005, the Court construed his motion as seeking a reduction in sentence pursuant to 18 U.S.C. § 3582, and denied it. (D.E. 20.) In so doing, the Court also addressed his substantive argument and noted that there was no error in the guideline range under which he was sentenced.

On July 10, 2008, the Clerk received from Flores a motion to correct sentence, in which he sought relief pursuant to United States v. Booker, 543 U.S. 220 (2005). The Court declined to construe his motion as a § 2255 motion, instead denying the motion in an order entered on July 18, 2008. (D.E. 20.) The Court also denied a subsequent motion by Flores to withdraw his motion to correct sentence. (D.E. 21, 22.)

In the instant § 2255 motion, Flores asserts four grounds for relief:  First, he argues that his guilty plea was unlawfully induced by his attorney, who allegedly told him that he would receive no more than 80 months.  He complains that the Court imposed a long sentence for his first conviction, and that his attorney did not tell him the consequences of pleading guilty.

Second, he argues that the prosecution failed to disclose evidence favorable to him.  In support of this claim, however, he sets forth facts that instead seem to be in support of his first claim, i.e., that he did not understand the consequences of his plea and that they were not properly explained to him by his attorney.

In his third ground for relief, Flores states that his conviction was obtained by a violation of the privilege against self-incrimination.  Again, however, the facts underlying this ground all concern his attorney's advice with regard to his plea and the fact that his attorney allegedly advised him to incriminate himself at his rearraignment.

His fourth ground, again, is a claim of ineffective assistance of counsel based on his counsel's failure to "help" him and to raise the other grounds raised in Flores' § 2255 motion.  He claims that he paid his attorney $35,000, but that he never did anything to support him in his case.

Additionally, although not listed as a separate ground for relief, Flores also makes repeated references to the fact that he told his attorney to file an appeal, but that his attorney failed to do so. Finally, in a separate document also received at the same time as Flores' § 2255 motion,[3] Flores claims that he is entitled to a "downward departure."  In particular, he contends that his counsel was ineffective for failing to argue that Flores was entitled to a departure or lower sentence because, as

---

[3] The document is titled as a "Motion for Reduction of Sentence Pursuant to 28 U.S.C.A. § 2255" and has been docketed as a supporting memorandum. (D.E. 24.)

a deportable alien, he is ineligible for certain assignments or programs administered by the Bureau of Prisons.

### III.  DISCUSSION

**A.     Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[4]  28 U.S.C. § 2255.  The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired.  Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

As noted, judgment was entered against Flores on August 17, 2004.  The period for Flores to file a notice of appeal from the judgment against him expired ten days later, Fed. R. App. P. 4(b), excluding intermediate Saturdays, Sundays and legal holidays.  Fed. R. App. P. 26.  So calculated, ten days after August 17, 2004 was August 31, 2004.  In this case, Flores did not appeal.  His conviction therefore became final when the time for filing an appeal expired, or on August 31, 2004. He had one year from that date, or until August 31, 2005, to file his § 2255 motion.  Flores' § 2255 motion is deemed filed as of August 18, 2008.  Thus, his motion was filed almost three years late

---

[4] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

and is untimely.

Flores apparently acknowledges that his motion is untimely. Nonetheless, he does not offer a concrete reason as to why. Instead, under the heading "Timeliness of Motion," he makes a statement about how he was not trying to commit any felonies, but just to be a good father and husband, and how his family is suffering because of his incarceration, including an inability of his sons to go to school. He also references his efforts at rehabilitation, such as the fact that he has been in school, and has not been in trouble while in prison. He states that he has learned his lesson and would like to be given a chance to try to have a better life in Mexico with his family. He also states that he will not come again to the United States. (D.E. 23 at 12.)

Not only does Flores not mention "tolling" by name, but neither his motion nor the record in this case provides any facts that would support the doctrine's application. While the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'" United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002), cert. denied, 123 S. Ct. 2630 (2003) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). In short, Flores' motion does not offer any basis at all for tolling, let alone establish that his is the rare or exceptional case where such equitable tolling is required.

Accordingly, the Court concludes that Flores' failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred.

## B.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Flores has not yet filed a notice of appeal, this Court nonetheless

addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Flores has stated a valid claim for relief, because he cannot establish the second Slack criterion.  That is, reasonable jurists could not disagree that his motion is time-barred.  Accordingly, Flores is not entitled to a COA.

## IV.  CONCLUSION

For the above-stated reasons, Flores' motion under 28 U.S.C. § 2255 (D.E. 23, 24) is DENIED.  The Court also DENIES Flores a Certificate of Appealabilty.

ORDERED this 30th day of September, 2008.

_____
Janis Graham Jack
United States District Judge