**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-04-153(1) |
| | § | |
| ESTANISLAO FLORES, | § | |
|     Defendant-Movant. | § | |

### ORDER DENYING MOTION FOR REDUCTION IN SENTENCE

Pending before the Court is a pro se motion filed by Defendant Estanislao Flores, received by the Clerk on January 15, 2009. (D.E. 27.) In it, Flores argues that the Court failed to give him the full allowable reduction for acceptance of responsibility, despite the fact that he pleaded guilty. He asks for an explanation of why he was not given full credit for acceptance of responsibility, and asks for the Court to grant "full relief" as may be just and proper. (D.E. 27 at 3.)

Flores previously questioned this Court's sentencing of him in a "Motion for Reconsideration" received by the Clerk on September 9, 2005. (D.E. 16.) In that motion, he argued that the PSR assessed his total offense level at 29 with a criminal history category of I, his guideline range was 87 to 108 months. Because the Court had adopted the PSR without changes, he claimed that the Court erred in sentencing him to 120 months. As the Court noted in its order denying his motion for reconsideration (D.E. 18.), Flores' guideline range of 87 to 108 months was below the statutory minimum for his offense, and thus the statutory minimum became his guideline range. See U.S.S.G. § 5G1.1(b); Presentence Investigation Report ("PSR") at ¶ 33. The statutory minimum term for his offense was 120 months. 21 U.S.C. § 841(b)(1)(A); see also PSR at ¶ 32. Accordingly, 120 months was the proper guideline sentence.

1

In his latest motion, he again appears to misunderstand how the sentencing guidelines interact with mandatory minimum sentences. Flores was given a full three-level reduction for acceptance of responsibility. (See PSR at ¶ 16.) His guideline range was nonetheless 120 months, because of the mandatory statutory minimum for the offense.

Moreover, as previously noted by the Court, Flores' remedy to correct any perceived error in his sentence was to appeal, which he did not do. The Court does not have authority to reduce his sentence at this juncture. See 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).

For all of these reasons, Flores' motion (D.E. 27) is DENIED.

It is so ORDERED this 2nd day of March, 2009.

_____
Janis Graham Jack
United States District Judge