UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-04-153 |
| | § | |
| ESTANISLAO FLORES | § | |

## ORDER DENYING PRO SE REQUEST FOR TRANSCRIPT

Estanislao Flores has filed another request for transcripts at government expense for the purpose of his appeal of an Immigration decision. D.E. 42. The motion is DENIED.

### PROCEDURAL HISTORY

Flores was sentenced to 120 months in the Bureau of Prisons, the mandatory minim sentence for possession with intent to distribute 9 kilograms of cocaine pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A). D.E. 15. Flores pled guilty without a plea agreement. D.E. 7. He did not appeal the judgment.

Flores previously filed a request for documents at government expense in October 2010. D.E. 32. Flores' previous request was denied by written order on October 27, 2010. D.E. 33. Flores filed an appeal of this Court's previous denial, but did not pay the filing fee. D.E. 34. He filed an application to appeal *in forma pauperis* (D.E. 38), which this Court denied on January 27, 2011 (D.E. 41) on the grounds that his Inmate Trust Account revealed that he had funds to pay for the appeal. Flores also filed a motion for reconsideration of the order denying his earlier motion for transcripts at government expense (D.E. 35), which was denied. D.E. 40. In the denial of his motion for reconsideration this Court advised Flores that if he needed transcripts for his civil action, that the request should be filed in that action. Id. This time, Flores claims he needs transcripts for his appeal from an immigration order and claims that he is required to appeal the

decision of the immigration judge within 14 days. However, the decision he has provided denied his motion to reopen his case on the grounds that it was premature and that his immigration matter would not be reopened until he proved that his conviction was vacated. There is no proceeding in this Court to vacate Flores' conviction.

Flores has filed a number of motions seeking resentencing on various grounds, but never asserting that his counsel was ineffective for failing to advise him that he would be deported if convicted.

## ANALYSIS

An indigent defendant is not entitled to transcripts at government expense unless the transcripts are needed to decide an issue in a *pending* suit and that suit is not frivolous.[1] 28 U.S.C. § 753(f); see also United States v. Herrera, 474 F.2d 1049, 1049-50 (5th Cir. 1973) ("This Court has consistently held that a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent."). Flores' immigration case has not been reopened and the ground upon which he claims it should be reopened, relief pursuant to Padilla v. Kentucky, 130 S.Ct. 1473 (2010), has not been properly raised in this Court. Padilla was decided March 31, 2010. Limitations on his claim for relief pursuant to Padilla are set forth in the statute.[2] Because Flores has previously filed a § 2255

---

[1] Flores' previous filing revealed that he was not indigent.

[2] The statute provides that the limitations period shall run from the latest of:
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

motion, before he may file another, he must obtain a Certificate of Appealability from the Fifth Circuit Court of Appeals.³

## CONCLUSION

Because Flores has nothing pending before this Court, and he has not demonstrated that his claimed pending immigration appeal is not frivolous, his motion (D.E. 42) is DENIED.

SIGNED and ORDERED this 14th day of February, 2011.

_____
Janis Graham Jack
United States District Judge

---

28 U.S.C. § 2255(f).

³  Another section 2255 motion by Flores would generally be barred by limitations pursuant to 28 U.S.C. § 2255(f), unless the filing demonstrated the applicability of an exception. Moreover, another section 2255 motion is barred unless Flores obtains a certification from the Fifth Circuit Court of Appeals as set out in 28 U.S.C. § 2244. 28 U.S.C. § 2255(h).